[No. 5321. Decided September 11, 1905.]

PASQUALE DEMASE, *Respondent,* v. OREGON RAILROAD & NAVIGATION COMPANY, *Appellant.*[1]

MASTER AND SERVANT—INJURY TO SECTION HAND RIDING ON PUSH CAR ATTACHED TO TRAIN — NEGLIGENCE OF COMPANY — QUESTION FOR JURY. The use by a railroad company of a push car attached to a train by a rope, for the purposes of transporting its section crew, cannot be said, as a matter of law, to be the exercise of the care required on the part of the company in that regard, but the question is for the jury.

SAME—LIABILITY OF PUSH CAR TO LEAVE TRACK—ASSUMPTION OF RISK—KNOWLEDGE OF SECTION HAND. A section hand riding for the first time on a push car attached to a train does not necessarily assume the risk of the car's leaving the track, and does not stand on equal footing with the foreman as to knowledge of the danger, and whether he assumed the risks is for the jury.

1 Reported in 82 Pac. 170.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered March 15, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a section hand riding on a push car attached to a train.   Affirmed.

*W. W. Cotton, L. S. Wilson,* and *Thos. O'Day,* for appellant.

*Roche & Onstine,* for respondent.

PER CURIAM.—On and prior to the 21st day of July, 1903, the defendant railway company operated a branch line of road about seven miles in length, between Wallace and Burke, in the state of Idaho.   There was a heavy grade of from 180 to 200 feet to the mile along this branch, and but one mixed train was operated thereon daily.   The conductor in charge of this train had practically entire charge of the branch.   The plaintiff and four other Italians, under a foreman or boss, were section hands in the employ of the defendant.   The section crew were provided with a push car, which they attached to this train with a rope about fifteen feet in length, when going up the grade.   The push car was provided with a brake, and came down the grade by gravity.   Whenever the section crew desired to go up the grade, they would flag the train and attach the push car on behind; and when they reached their destination, the push car would be detached by drawing the pin which connected it with the train.   While the plaintiff and his witnesses testified that they never rode on the push car before the day of the accident complained of, yet it appears from the entire testimony that the push car was furnished for that purpose, and that, if the train to which the push car was attached did not stop for other reasons at the destination of the section crew, it would be necessary for the crew to ride on the push car.

On the 21st day of July, 1903, the section crew in ques-

tion attached the push car to the train, boarded the push car at the request of the foreman or boss, and started up the grade. After they had proceeded from a quarter to half a mile, and when the train had attained a speed of from twenty to thirty miles per hour, the push car left the track, and the wheels passed over the plaintiff's leg causing the injuries for which he seeks to recover damages in this action. From a judgment and verdict in favor of the plaintiff, this appeal is prosecuted.

The principal contention of the appellant is that the facts were undisputable that the respondent assumed all risk incident to riding on the push car, under the circumstances stated, and that the court should have directed a judgment in its favor. It appears from the testimony, especially that of the appellant, that the appellant undertook to carry its employees up the line of the branch in question by means of this push car. It was therefore incumbent on the appellant to exercise ordinary care in that regard, and to see that no injury befell its employees while in transit, by reason of negligence on its part. From all the testimony in this case, it cannot be said, as a matter of law, that the appellant used that degree of care, or that a push car, attached to a train running at a high rate of speed, was a reasonably safe means of conveyance. We think that the question of negligence on the part of the appellant was clearly one of fact for the jury.

Was the danger of riding on this push car so imminent and apparent that the employees assumed the risk? It cannot be said that it was. The principal danger to be anticipated would be from the push car leaving the track, as it did in this instance. Under what circumstances a car of this structure would leave the track cannot be said to be a matter of common knowledge, nor did the section hand and the foreman and other persons in charge of the road necessarily stand upon an equal footing with regard to such knowledge. According to the testimony of the respondent,

he never rode on the push car before the day of the accident, and according to the testimony of the appellant's foreman, not to exceed once or twice. The knowledge, and the means of knowledge, on the part of the respondent, and the nature of the dangers to which he was subjected, clearly distinguish this case from *Lee v. Northern Pac. R. Co.,* 39 Wash. 388, 81 Pac. 834. Under all the circumstances, we are satisfied that the question of negligence on the part of the appellant, and of assumption of risk on the part of respondent, were for the jury and not for the court.

There was no prejudicial error in the instructions of the court, and the judgment is therefore affirmed.